IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

LORI CHAVEZ-DEREMER, Secretary of Labor,
United States Department of Labor[1],

        Plaintiff,

v.                                     Case No.  24-2292-JWB

GUESS & CO. KANSAS, LLC d/b/a GUESS & CO. CORPORATION
And JERRY D. GUESS, individually,

        Defendant.

**MEMORANDUM AND ORDER**

This matter is before the court on Plaintiff's motion to strike certain defenses and memorandum in support.  (Docs. 14, 15.)  Defendants failed to file a response and the time for doing so has now passed.  The motion is GRANTED for the reasons stated herein.

I.      **Facts**

According to the complaint, Defendant Guess & Co. is a registered Kansas limited liability company that hired employees to work on tasks at the company, such as setting up offices, emailing, setting up bank accounts, and working on public relations for the company.  Defendant Jerry Guess managed and supervised the company's operations, hired and fired employees, set their schedules, and set the employees' pay rates.  Based on these allegations, Plaintiff asserts that both Defendants are employers under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq.  (Doc. 1 ¶¶ 3–5.)  Defendants failed to pay their employees minimum and overtime wages from January 1, 2022 through October 19, 2023.  Plaintiff seeks damages for the employees in the form of back wages and liquidated damages.

---

[1] Secretary Chavez-DeRemer was sworn in as Secretary on March 11, 2025.

Defendants filed answers on October 4, 2024.  (Docs. 9. 10.)  Although filed in separate docket entries, the answers are identical.  Defendants generally deny the allegations against them.  Defendants also set forth certain defenses to the claims.  Of note, in paragraph 19, Defendants assert that Plaintiff has failed to state a claim against Jerry Guess because the company is separate from Mr. Guess and the debts of the company are not the debts of an individual.  (*Id.* ¶ 19.)  A similar defense is again restated in paragraph 20.  In paragraph 22, Defendants assert that the claim against Mr. Guess is subject to dismissal because Plaintiff failed to obtain a judgment against the company prior to filing suit against an officer, director or shareholder of the company in violation of Kansas law.  (*Id.* ¶ 22.)

Plaintiff now moves to strike these allegations as these defenses are insufficient under the law and it would be a waste of time to expend resources on these defenses in discovery.  Defendants sought and received two extensions of time to respond to the motion to strike.  (Docs. 29, 36.)  After receiving the requested extensions, Defendants have failed to timely respond to the motion to strike.

## II.    Standard

Federal Rule of Civil Procedure 12(f) permits the court to "strike from a pleading an insufficient defense."  "A defense is insufficient if it cannot succeed, as a matter of law, under any circumstances."  *Hayne v. Green Ford Sales, Inc.*, 263 F.R.D. 647, 649 (D. Kan. 2009).  In order for a plaintiff to succeed on a motion to strike, the insufficiency of the defense must be clearly apparent and a hearing to determine factual issues must be unnecessary.  *Id.*  The purpose of Rule 12(f) is to minimize delay and prejudice by narrowing the issues for discovery and trial.  *Id.*  The decision to strike an affirmative defense is discretionary.  *Id.*

## III.    Analysis

Plaintiff moves to strike these defenses on the basis that they are inapplicable to Plaintiff's claim against Mr. Guess for his own violations of the FLSA as an employer. (Doc. 15 at 4.) Plaintiff's complaint does not seek to impose liability on Mr. Guess for any judgment obtained against the company. (Doc. 1.) While individuals are not generally liable for a company's liabilities under the corporate shield doctrine, the FLSA allows for individuals to be liable for violations as long as they are found to be employers under the FLSA. 29 U.S.C. § 203(d). Section 203(d) of the FLSA states that "any person acting directly or indirectly in the interest of an employer in relation to an employee" is considered an employer. Clearly, the FLSA broadly defines "employer," and does so in a manner that is "more expansive than traditional common law definitions." *Garcia v. Palomino, Inc*., 738 F. Supp. 2d 1171, 1176 (D. Kan. 2010). Moreover, cases interpreting the FLSA have indicated that more than one person may be an employer with respect to an employee. *See id*. at 1176–77; *see Solis v. La Familia Corp*., No. 10-CV-2400-EFM-GLR, 2013 WL 589613, at *7–8 (D. Kan. Feb. 14, 2013).

An "employer" includes individuals who have "operational control of significant aspects of the corporation's day to day functions." *Garcia*, 738 F. Supp. 2d at 1176 (citation omitted). In determining whether an individual is an employer, this court has considered the following: ownership interest, degree of control over financial affairs of the company, involvement in employee compensation, control over conditions of employment and scheduling, and the ability to terminate employment. *Id.*

Here, Defendant has alleged that Jerry Guess actively managed the company, supervised the employees, hired and fired employees, set their work schedules, and set their pay rates. These allegations, if proven, are sufficient to find that Mr. Guess was an employer. *See id*. Defendants deny that Mr. Guess was an employer but admit that he managed operations of the company. (Doc.

10 at ¶¶ 4–5, 20.)  Defendants deny the remaining allegations regarding his involvement in the company.  At this stage, there is a dispute as to Mr. Guess's status as an employer.  However, it is clear from the pleadings that Plaintiff seeks to impose liability on Mr. Guess as an employer and not because he is an owner, officer, manager, or some other role in the company who is liable for the company's violations.  Essentially, contrary to Defendants' assertions, Plaintiff is not seeking to impose liability on Mr. Guess by piercing the corporate veil.  Rather, Plaintiff's claims are asserted against him based on the allegation that he is an employer.  Therefore, the defenses relating to the corporate shield doctrine are not relevant and inapplicable to the claim against Mr. Guess.

## IV.    Conclusion

Plaintiff's motion to strike (Doc. 14) is GRANTED.

IT IS SO ORDERED.  Dated this 30th day of April, 2025.

    s/ John W. Broomes
JOHN W. BROOMES
UNITED STATES DISTRICT JUDGE