IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES DEPARTMENT OF LABOR,
LORI CHAVEZ-DEREMER, SECRETARY,

        Plaintiff,

v.                                  Case No. 24-2292-JWB

GUESS & CO. KANSAS, L.L.C., d/b/a GUESS &
CO. CORPORATION and JERRY D. GUESS,
individually,

        Defendants.

**MEMORANDUM AND ORDER**

This matter is before the court on Plaintiff's motion for default judgment against Defendant Guess Kansas, LLC d/b/a Guess & Co. Corporation & Co. ("Guess & Co."). (Doc. 62.) Guess & Co. failed to file a response and the time for doing so has now passed. For the reasons stated herein, the motion is GRANTED. Plaintiff is awarded judgment in the amount of $202,140.66 along with post-judgment interest against Guess & Co. Further, pursuant to 29 U.S.C. § 217, Guess & Co. is permanently enjoined from violating the FLSA's minimum wage, overtime, and recordkeeping provisions.

**I.      Facts & Procedural History**

The Secretary of Labor for the United States Department of Labor ("Plaintiff") initiated this action on July 8, 2024, against Guess & Co. and its owner, Jerry D. Guess (collectively, "Defendants"). (Doc. 1.) Plaintiff asserted violations of the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201, *et seq.* Specifically, Guess & Co. violated the FLSA's minimum wage, overtime, and recordkeeping provisions. Because default has been properly entered against

1

Guess & Co. (Docs. 59, 60), Plaintiff's factual allegations against the entity are deemed admitted and are summarized below.

This matter arose from an investigation initiated by the Department of Labor's Wage and Hour Division ("Wage and Hour") into Defendants. Wage and Hour opened its investigation of Defendants in September 2022, covering the period of January 1, 2022, through October 19, 2023 (hereinafter the "investigation period"). (Doc. 64-1 ¶¶ 5–8.) The investigation concerned potential violations of the FLSA, including its minimum wage, overtime, and recordkeeping provisions. During the investigation, Wage and Hour requested and ultimately subpoenaed time and payroll records and other documents from Defendants covering the above period. (*Id*. ¶ 8.) Despite these efforts, Defendants produced only a limited set of records. (*Id*. ¶ 9.)

As the investigation progressed, Wage and Hour investigators were never able to locate an open, operating, or staffed business location for Guess & Co., despite visiting multiple sites that allegedly housed company operations. (*Id*. ¶ 12.) Employees interviewed during the investigation were largely unable to describe what the business did beyond the specific tasks they personally performed, such as setting up offices, taking phone calls, reviewing invoices, and attending virtual meetings. The investigation revealed that employees were promised high rates of pay such as $67.00 or $175.00 per hour, but virtually none of them were actually paid. (*Id*. ¶¶ 14–15.) Employees reported receiving pay stubs that purported to show wage payments but stated that actual funds were never received. When employees raised the issue with Mr. Guess, he would promise to pay but never did, and in some instances offered a new contract with a higher rate of pay. On November 15, 2023, Wage and Hour conducted an interview with Mr. Guess, where he admitted that employees from the prior summer had not been paid their full wages. (*Id*. ¶¶ 16, 18.) At the interview, Mr. Guess was advised that any claim that employees had been paid would need

to be substantiated with documentary evidence demonstrating that funds actually left the company. No such documents were ever produced.

This investigation led to filing a complaint alleging that Defendants violated the minimum wage, overtime, and recordkeeping provisions of the FLSA, and failed to pay wages to multiple employees during the investigation period. (Doc. 1.)  According to the complaint, Guess & Co. is a registered Kansas limited liability company that employs workers to perform a range of tasks and Mr. Guess managed and supervised those workers.  (*Id*. ¶¶ 3–5.)

Defendants filed identical answers[1] to the complaint on October 4, 2024, and they were represented by counsel at that time.  (Docs. 9, 10.)  Shortly thereafter, Defendants' attorney filed a motion to withdraw for nonpayment, which was granted.  (Docs. 12, 13, 16.)  During the ensuing litigation, Mr. Guess, who is proceeding pro se, was informed on multiple occasions that he could not appear on behalf of or represent defendant Guess & Co., because business entities must be represented by a licensed and properly admitted attorney.  (Docs. 16, 41, 51.)  Further, on February 3, 2026, Mr. Guess and Plaintiff attended a final pretrial conference before Magistrate Judge James during which Mr. Guess was warned that he cannot represent Guess & Co.  (Doc. 57.)  Thereafter, a pretrial order was entered noting that Guess & Co. "did not appear."  (Doc. 61 at 1.)

Guess & Co.'s non-compliance has extended throughout discovery.  Guess & Co. never served Plaintiff with the initial disclosures required under Fed. R. Civ. P. 26 and the court's scheduling orders. (Docs. 34, 54.)  Plaintiff's counsel served interrogatories and requests for production on Guess & Co. that were never answered.  (Doc. 64-4 ¶¶ 3–5.)  Follow-up efforts by Plaintiff's counsel to obtain Guess & Co.'s compliance were likewise unsuccessful.  As with the Wage and Hour investigation, no evidence has been provided by Guess & Co. throughout the

---

[1] The court has previously struck certain defenses from Guess & Co.'s answer as being irrelevant.  (Doc. 45.)

3

litigation.  Notwithstanding warnings spanning over a year, Guess & Co. has failed to secure legal representation and thereby failed to defend this action since filing its answer in October of 2024.

Accordingly, on February 6, 2026, Plaintiff applied for default against Guess & Co., which the clerk entered.  (Docs. 59, 60.)  On February 23, 2026, Plaintiff filed a motion for default judgment against Guess & Co.  (Docs. 62, 63.)  In it, Plaintiff seeks a permanent injunction enjoining Guess & Co. from violating Sections 206, 207, 211(c) and 215 of the FLSA, and monetary damages for unpaid minimum wages, overtime compensation, and liquidated damages owed to Guess & Co.'s employees during the period of January 1, 2022 to October 19, 2023, totaling $202,140.66.  (Doc. 63 at 13.)

## II.    Standard

Guess & Co. has failed to defend.  Default judgment may be entered against a party who fails to appear or defend.  Fed. R. Civ. P. 55.  The party must first seek an entry of default from the clerk and then move for default judgment.  *Id*.  The decision to enter default judgment is "committed to the district court's sound discretion."  *Olcott v. Del. Flood Co*., 327 F.3d 1115, 1124 (10th Cir. 2003).  Further, "default judgment must normally be viewed as available only when the adversary process has been halted because of an essentially unresponsive party.  In that instance, the diligent party must be protected lest he be faced with interminable delay and continued uncertainty as to his rights.  The default judgment remedy serves as such a protection."  *In re Rains*, 946 F.2d 731, 732–33 (10th Cir.1991) (internal quotation marks and citation omitted).

Because Guess & Co. has failed to defend this action, it is deemed to have admitted as true the factual allegations in the complaint.  *Olcott*, 327 F.3d at 1125.  However, a mere failure to defend is not sufficient, in and of itself, to result in default judgment.  *Miller v. Oklahoma Dep't of Hum. Servs.*, No. 23-6119, 2024 WL 2828863, at *4 (10th Cir. June 4, 2024).  Instead, the court

is obligated to determine whether the allegations in the complaint, taken as true, entitle plaintiff to prevail on some or all of its claims. *Id.* Thus, before entering default judgment against Guess & Co., the court has an affirmative duty to investigate its jurisdiction over the parties. *Williams v. Life Sav. & Loan*, 802 F.2d 1200, 1203 (10th Cir. 1986); *Hukill v. Okla. Native Am. Domestic Violence Coalition*, 542 F.3d 794, 797 (10th Cir. 2008) ("[A] default judgment in a civil case is void if there is no personal jurisdiction over the defendant.").

Once default is entered, Guess & Co. is not entitled to defend itself on the merits and the court must determine whether Plaintiff's allegations, taken as true, state a claim against Guess & Co. *Kalinich v. Grindlay*, No. 14-1120-SCA, 2014 WL 3740439, at *1 (D. Kan. July 30, 2014). If there is a sufficient basis for default judgment, that judgment establishes only liability. *Hermeris, Inc. v. McBrien*, No. 10-2483-JAR, 2012 WL 1091581, at *1 (D. Kan. Mar. 30, 2012). "Damages may be awarded only if the record adequately reflects the basis for [the] award via a hearing or a demonstration by detailed affidavits establishing the necessary facts." *Mathiason v. Aquinas Home Health Care, Inc.*, 187 F. Supp. 3d 1269, 1275 (D. Kan. 2016) (quoting *DeMarsh v. Tornado Innovations, L.P.*, Case No. 08-2588-JWL, 2009 WL 3720180, at *2 (D. Kan. Nov. 4, 2009)). Further, a court may enter a default judgment without a hearing if the amount claimed is a liquidated sum or one capable of mathematical calculation. *Venable v. Haislip*, 721 F.2d 297, 300 (10th Cir. 1983); *Hermeris, Inc.*, 2012 WL 1091581, at *1 ("Damages may be awarded only if the record adequately reflects the basis for award via a hearing or a demonstration by detailed affidavits establishing the necessary facts.") (citation omitted).

## III.   Analysis

Plaintiff has received a clerk's entry of default as required by Rule 55(a). (Docs. 59, 60.) *Watkins v. Donnelly*, 551 F. App'x 953, 958 (10th Cir. 2014) ("Entry of default by the clerk is a

5

necessary prerequisite . . . before a district court is permitted to issue a default judgment."). Thus, the court assesses jurisdiction and whether Plaintiff's allegations state a claim against Guess & Co.

### A. Jurisdiction

For Plaintiff to prevail, the court must have subject matter jurisdiction over the claims and personal jurisdiction over Guess & Co. The court considers each in turn and holds it has both.

A federal court "has an affirmative duty to determine whether it has subject matter jurisdiction" prior to issuing a default judgment. *Ross v. Jenkins*, 325 F.Supp.3d 1141, 1161 (D. Kan. 2018) (quoting *Olivas v. Bentwood Place Apartments, LLC*, No. 09-4035-JAR, 2010 WL 2952393, at *6 (D. Kan. July 26, 2010)). One statutory basis for subject matter jurisdiction is district courts have original jurisdiction over all civil actions commenced by the United States or an agency or officer thereof. 28 U.S.C. § 1345. Here, the Secretary of the United States Department of Labor is the Plaintiff, therefore the complaint establishes the court's subject matter jurisdiction.

The court must also determine if it has personal jurisdiction over Guess & Co. As Plaintiff points out, Guess & Co. waived its ability to raise a personal jurisdiction defense by not asserting it in its answer (Doc. 9) nor in a pre-answer motion. Fed. R. Civ. P. 12(b). Further, Guess & Co. waived personal service (Doc. 4), which established the court's personal jurisdiction over it. Fed. R. Civ. P. 4(k)(1)(A). Satisfied that this court has jurisdiction, the court proceeds to the merits.

### B. Plaintiff's FLSA Claims

First, the FLSA authorizes the Secretary of Labor to bring suit on behalf of employees to recover unpaid minimum wages or unpaid overtime compensation. 29 U.S.C. § 216(c). The FLSA defines "employer" broadly to include "any person acting directly or indirectly in the interest of an employer in relation to an employee." *Id*. § 203(d). In determining whether an employee-

employer relationship exists under the FLSA, the Tenth Circuit utilizes the economic realities test. *Acosta v. Jani-King of Okla., Inc.*, 905 F.3d 1156, 1160 (10th Cir. 2018).  Under it, the court examines:

> (1) the degree of control exerted by the alleged employer over the worker; (2) the worker's opportunity for profit or loss; (3) the worker's investment in the business; (4) the permanence of the working relationship; (5) the degree of skill required to perform the work; and (6) the extent to which the work is an integral part of the alleged employer's business.

*Id.* at 1160.  Here, Guess & Co. is a covered employer under the FLSA because it admitted in its answer that it hired employees to perform work on its behalf (Doc. 9)—which was confirmed by employee interviews during Wage and Hour's investigation, entered into signed employment agreements with employees, and directed employees' day-to-day work activities.  (Docs. 63 at 6–7; 64-1 ¶¶ 13–14, 19(b).)   The tasks performed by employees—such as setting up offices, managing company bank accounts, and monitoring lines of communications—were integral to Guess & Co.'s business and exhibit significant control exerted over workers.[2]  Accordingly, the court is satisfied that Guess & Co. is a covered employer.

To prevail on default judgment, Plaintiff must allege facts sufficient to state its wage and associated claims under the FLSA.  Plaintiff bears the burden to show that Guess & Co.'s employees were entitled to the protection of the FLSA.  *Reagor v. Okmulgee Cnty. Fam. Res. Ctr.*, 501 F. App'x 805, 808 (10th Cir. 2012).  To do so, Plaintiff must first show that Guess & Co.'s employees are covered by the FLSA.  Employees are protected by the FLSA if they were "engaged in commerce . . . or . . . employed in an enterprise engaged in commerce."  29 U.S.C. §§ 207(a)(1); *see Tony & Susan Alamo Found. v. Sec'y of Labor*, 471 U.S. 290, 295 n. 8 (1985) ("Employment

---

[2] The court previously held that Plaintiff seeks to impose liability on Mr. Guess as an employer under the FLSA.  (Doc. 45.)  Of note, the court's holding in the instant order—that Guess & Co. is also an employer—is not in conflict with that prior order because cases interpreting the FLSA indicate that there can be more than one employer with respect to an employee.  *See Solis v. La Familia Corp.*, 2013 WL 589613, at *7–8 (D. Kan. Feb. 14, 2013).

may be covered under the [FLSA] pursuant to either 'individual' or 'enterprise' coverage."). Plaintiff asserts that Guess & Co.'s employees were individually covered.  (Doc. 63 at 7.)

"To determine whether an employee is [individually] engaged in commerce we look at her activities, not the business of her employer." *Reagor*, 501 F. App'x at 809 (finding FLSA coverage for employees who "regularly and recurrently use an instrument of interstate commerce, such as a telephone.").   Here, Plaintiff's complaint alleges that Guess & Co.'s employees engaged in interstate commerce through emailing, making telephone calls, and using the internet to "communicate with persons outside the state of Kansas."  (Docs. 1 ¶¶ 3, 8; 64-1 ¶¶ 12–13.)  While this evidence is not robust, courts have concluded that sending emails or making calls to out-of-state recipients may satisfy this requirement.  *See*, *e.g.*, *Hearns v. MEJ Plumbing, LLC*, No. 24-12551, 2025 WL 3458968, at *3 (11th Cir. Dec. 2, 2025); *Levy v. Scheid*, No. 24-CV-00375-NYW-NRN, 2025 WL 2480702, at *10 (D. Colo. Aug. 28, 2025); *Tanis v. Austin Priv. Car Serv., Corp.*, No. 1:20-cv-01202-RP, 2022 WL 1793520, at *3 (W.D. Tex. Mar. 11, 2022).  The court finds these persuasive.  Accordingly, Guess & Co.'s employees were covered under the FLSA during the investigation period.

Since Guess & Co. is covered by the FLSA, it must comply with the act's requirements. Among them, 29 U.S.C. § 206(a)(1) sets a minimum wage, § 207(a)(1) requires employees be paid for overtime, and § 211(c) imposes recordkeeping requirements.  Plaintiff alleges Guess & Co. violated all three.  The court will address each.

### 1.  Minimum Wage

The FLSA requires employees to be paid minimum wage of $7.25 an hour for all hours worked up to 40 hours in a workweek.  29 U.S.C. § 206.  Here, the allegations establish that between approximately January of 2022 and October of 2023, Guess & Co. consistently failed to

pay its employees at the federally mandated minimum wage rate. Despite issuing pay stubs purporting to reflect wage payments, the Wage and Hour investigation found, through employee interviews, that the company did not actually compensate the majority of its employees for any hours worked. (Doc. 64-1 ¶ 15.) Employees interviewed stated that they spoke to Mr. Guess, Guess & Co.'s owner, about nonpayment and often these conversations merely resulted in the employee being offered a new contract with a higher pay rate or new title. This was confirmed by Mr. Guess himself who acknowledged during his November 2023 interview with Wage and Hour that employees from the prior summer had not been paid their wages in full. (*Id*. ¶ 18.) Where, as here, an employer's records are inaccurate or inadequate, Plaintiff need only present evidence sufficient to support a just and reasonable inference as to the amount and extent of uncompensated work. *Scalia v. Paragon Contr's. Corp.*, 957 F.3d 1156, 1159 (10th Cir. 2020) (holding an employer should "not be allowed to benefit from unlawfully refusing or failing to keep records" therefore "a prima facie case may be made with representative evidence from a sample of employees"). That is precisely what was done here. Wage & Hour Investigator Susan Lang ("WHI Lang") found there to be minimum wage back wages of $74,182.38 owed to 25 employees by drawing from sparse employer payroll records, employee agreements, and employee interviews— despite Guess & Co. providing incomplete records. (Docs. 64-1 ¶¶ 19–21; *see* 64-2; 64-3.) Therefore, the court finds that Plaintiff has carried her burden to state a prima facie claim against Guess & Co. for violating FLSA's minimum wage provision.

### 2. Overtime

The FLSA also requires employers to pay covered employees overtime pay at the rate of one-and-one-half times the employee's regular hourly rate of pay for an employee who works more than forty hours per week. 29 U.S.C. § 207. Here, the record demonstrates that Guess &

Co. also failed to compensate employees for overtime hours worked in excess of 40 per workweek. WHI Lang's investigation established that 12 of the 25 affected employees worked overtime during the investigation period, as confirmed by both limited employer records and employee interviews, yet never received overtime compensation. (Doc. 64-1 ¶¶ 19–21.) In some instances, employees maintained their own records of overtime hours worked and provided them directly to Wage and Hour. (*Id.* ¶ 19(d).) Consistent with the burden applicable where employer records are insufficient, WHI Lang's overtime calculations constitute a just and reasonable inference from the available evidence. *See Scalia*, 957 F.3d at 1159. She calculated $26,887.96 in overtime back wages owed to those 12 employees. (Docs. 64-1 ¶ 21; *see* 64-2; 64-3.) Therefore, the court finds that Plaintiff has carried its burden to state a prima facie claim against Guess & Co. for violating the FLSA's overtime provision.

### 3. Record Keeping

Finally, under 29 U.S.C. § 211(c), employers must "make, keep, and preserve" records of the wages, hours, and other conditions and practices of employment for each employee. Here, the allegations establish that Guess & Co. failed to make, keep, and preserve the payroll and time records required by the FLSA. According to WHI Lang, Guess & Co. produced only a fraction of the records sought by Wage and Hour during the investigation period, and those records produced were riddled with errors and inconsistencies. (Doc. 64-1 ¶ 19.) For example, some employees appeared in the company's payroll records but not in its time records and the hourly rates for some employees varied dramatically across pay periods, with no apparent justification. More fundamentally, the payroll records and pay stubs produced purported to reflect wage payments that employees confirm were never actually received, rendering the authenticity of any records produced as questionable. (*Id.*) In all, Guess & Co. failed to produce accurate in/out time records

sufficient to document the hours worked by employees during the investigation period, as required by 29 C.F.R. § 516.2. Therefore, the court finds that Plaintiff has carried its burden to state a prima facie claim against Guess & Co. for violating the FLSA's record keeping provision.

### C. Remedies

The FLSA provides that an employer who violates the minimum wage provisions of § 206 or the overtime provisions of § 207 shall be liable to employees not only for the amounts wrongly withheld, but also for an additional equal amount as liquidated damages. 29 U.S.C. § 216(b). And here, because the allegations of the complaint are sufficient to establish the elements of each of Plaintiff's claims, Plaintiff is entitled to damages. However, while facts are taken as true in determining liability as part of a default judgment motion, the same is not true of damages. Instead, when damages claimed by Plaintiff are capable of mathematical calculation, Rule 55(b)(2) allows awarding such damages "only if the record adequately reflects the basis for [the] award via a hearing or a demonstration by detailed affidavits establishing the necessary facts." *See Mathiason*, 187 F.Supp.3d at 1275; Fed. R. Civ. P. 55(b)(2) (stating district court's "may conduct hearings"). Plaintiff requests damages with post-judgment interest in the following amounts and corresponding categories: $74,182.38 in back wages for minimum wage violations, $26,887.96 in back wages for overtime violations, and an equal additional amount of $101,070.33 for liquidated damages, totaling $202,140.66. (Doc. 63 at 13.) The court will address each in turn.

### 1. Compensatory & Liquidated Damages

To calculate the back wages owed, WHI Lang drew upon all available sources, including Guess & Co.'s incomplete payroll records and timesheets, signed employment agreements, and thorough interviews of both employees and Mr. Guess. (Doc. 64-1 ¶ 20.) Where employees reported receiving any partial payment—whether a one-time cash payment, payment through a

temp agency, or otherwise—those amounts were credited to Guess & Co. and excluded from the back wage totals. (*Id.*) For minimum wage calculations, WHI Lang multiplied uncompensated hours by the federal minimum wage rate of $7.25 per hour, up to 80 hours per pay period. Where employer records reflected the hours worked and the hourly rate, those figures were used; where they did not, WHI Lang relied on hours provided by the employees themselves and the statutory minimum wage. (*Id.* ¶ 20(a).) For overtime calculations, WHI Lang used the hourly rate shown in the employer's payroll records—or, where absent, the rate set forth in each employee's employment agreement—as the regular rate for the first 40 hours of each workweek, then computed one-and-one-half times that rate for all hours exceeding 40. (*Id.* ¶ 20(b).) Overtime hours were established through employee interviews, employee-maintained time records, and, where available, the employer's own records. The data, depicted on a detailed spreadsheet, underlying these calculations was attached as exhibits to WHI Lang's declaration. (*See* Docs. 64-2; 64-3.)

Even on a motion for default, Plaintiff has the burden on its FLSA claims to prove that Guess & Co.'s employees performed work for which they were not properly compensated. *See Donovan v. Simmons Petroleum Corp.*, 725 F.2d 83, 85-86 (10th Cir. 1983); *Garcia v. Tyson Foods, Inc.*, 890 F.Supp.2d 1273, 1284 (D. Kan. 2012), *aff'd* 770 F.3d 1300 (10th Cir. 2014) ("The burden is on the plaintiffs to demonstrate with sufficient evidence that the employees have, in fact, performed work for which they were improperly compensated, and to produce sufficient evidence to show the amount and extent of that work, as a matter of just and reasonable inference."). Although Plaintiff bears the burden, that burden is relaxed where, as in the instant matter, an employer has failed to maintain legally sufficient records. *Donovan*, 725 F.2d at 85–86. In such situations, Plaintiff only need produce evidence sufficient to show the amount and extent of

uncompensated work as a matter of just and reasonable inference, and the employer — having created the very gap in the record through its own noncompliance — cannot be heard to complain that the resulting back wage award lacks precision. *See id.*; *Garcia*, 890 F. Supp. 2d at 1284. It is therefore appropriate for the court to rely on the declarations of employees and the computation sheets prepared by Wage and Hour. *Hodgson v. Humphries*, 454 F.2d 1279, 1282 (10th Cir. 1972).

Applying that standard here, the detailed record before the court is sufficient to support the damages award without the need for an evidentiary hearing. WHI Lang's sworn Declaration, the back wage computation sheets, and the summary of unpaid wages constitute precisely the kind of detailed affidavits from which damages may be awarded. *See Solis v. Melt Brands Stores, LLC*, No. 11-cv-00292-CMA-BNB, 2012 WL 364685, at *4 (D. Colo. Feb. 2, 2012) (holding that because the employer has not kept legally sufficient records, "Plaintiff's estimates of the hours worked and wages earned is sufficient evidence from which an award of damages under the FLSA may be made"). WHI Lang calculated $74,182.38 in minimum wage back wages owed to 25 employees, and an additional $26,887.96 in overtime back wages owed to 12 of those employees, for a combined total of $101,070.33. (Doc. 64-1 ¶¶ 20-21; *see* Docs. 64-2; 64-3.) The court finds that no evidentiary hearing is required, as the damages are mathematically derived from documentary evidence, sworn declarations, and employee interviews.

The FLSA also allows Plaintiff to recover an amount of liquidated damages equal to the compensatory damages awarded. 29 U.S.C. § 216(b) ("Any employer who violates the provisions of section 206 or section 207 of [the FLSA] shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages."). The court is authorized to "eliminate or reduce the award of liquidated damages only if the employer shows both that he

13

acted in good faith and that he had reasonable grounds for believing that his actions did not violate the [FLSA]." *Renfro v. City of Emporia*, 948 F.2d 1529, 1540 (10th Cir.1991) (internal quotation marks omitted). Here, Guess & Co. has made no such showing. In fact, it has made no showing at all. Accordingly, the court finds an award of liquidated damages totaling $101,070.33—the amount of actual damages proven—to be appropriate.

Plaintiff also seeks post-judgment interest from and after the date of judgment accruing pursuant to 28 U.S.C. § 1961. (Doc. 63 at 13.) Post-judgment interest is "calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield . . . for the calendar week preceding[] the date of the judgment." 28 U.S.C. § 1961(a). Post-judgment interest is due on the entire amount of the award, including both damages and prejudgment interest thereon. *Bancamerica Commercial Corp. v. Mosher Steel of Kansas, Inc.*, 103 F.3d 80, 82 (10th Cir. 1996) ("Moreover, the monetary award upon which post-judgment interest should accrue is the entire award granted by the district court, including the forthcoming award of prejudgment interest."). The court finds that Plaintiff is entitled to post-judgment interest.

Based on the foregoing, the court finds an award of $202,140.66 in damages along with post-judgment interest pursuant to 28 U.S.C. § 1961, to be appropriate.

## 2. Injunction

Finally, Plaintiff seeks a permanent injunction enjoining Guess & Co. from violating the provisions of 29 U.S.C. §§ 206, 207, 211(c) and 215 of the FLSA, pursuant to § 217 (explaining that district courts have jurisdiction, for cause shown, to restrain future violations of the FLSA). "The purpose of an injunction against future violations is remedial rather than punitive." *Metzler v. IBP, Inc.*, 127 F.3d 959, 963 (10th Cir. 1997). The Tenth Circuit instructs courts to look at "many factors" when determining whether injunctive relief is proper. *Id*. at 964. Among them are

14

"the employer's previous conduct, its current conduct, and the reliability of its promises of future compliance."  *Id*. (citing *Reich v. Petroleum Sales, Inc*., 30 F.3d 654, 656 (6th Cir. 1994).

Here, Plaintiff argues that Guess & Co. has not remedied the above-discussed FLSA violations nor can it be trusted to comply with the FLSA in the future based on its recurrent failure to provide compliant records or otherwise pay employees during the years that this litigation and the prior investigation took place.  (Doc. 63 at 13.)  The court finds a permanent injunction merited.  Specifically, as to Guess & Co.'s prior conduct, it knowingly and repeatedly failed to pay employees throughout the entire investigation period.   When employees raised the issue of nonpayment, Guess & Co.'s owner and manager Mr. Guess consistently promised to pay but never did.  (Doc. 64-1 ¶ 15.)  When Guess & Co. was given a deadline by Wage and Hour to provide evidence of employee payment, the deadline was ignored.  (*Id*. ¶ 18.)  Currently, Guess & Co. has failed to produce any evidence of remediation at any point during this litigation and has wholly failed to participate in discovery.  (Doc. 64-4 ¶¶ 3–5.)  As to the reliability of future compliance, Guess & Co.'s repeated disregard to produce evidence—both by Wage and hour investigators and during this litigation—does not instill confidence in this court regarding Guess & Co.'s reliability as to future compliance. In any event, the combination of Guess & Co.'s years-long pattern of wage nonpayment, its disengagement from the judicial process, and demonstrated unreliability give the court no basis to find that future compliance is likely absent court-ordered relief.

Guess & Co.'s pattern of FLSA violations and recurrent efforts to avoid compliance weigh heavily in favor of granting a prospective injunction.  Based on the foregoing, Plaintiff has shown good cause for enjoining Guess & Co. from violating the FLSA's minimum wage, overtime, and recordkeeping provisions.  29 U.S.C. § 207.

## IV.    Conclusion

15

THEREFORE, Plaintiff's motion for default judgment (Doc. 62) is GRANTED.

## **JUDGMENT**

Pursuant to Sections 16(c) and (e) of the FLSA in favor of the Plaintiff and against Guess & Co., judgment is hereby entered in the amount of $202,140.66 along with post-judgment interest against Guess & Co.

It is FURTHER ORDERED that Guess & Co. is liable for the unpaid wages and liquidated damages owed to Defendants' employees. Guess & Co. is ordered to pay Plaintiff the sum of $202,140.66, which is comprised of: $74,128.38 for minimum wage back wages; $26,887.96 for overtime back wages; and $101,070.33 for liquidated damages, which equals the combined back wages. This sum is to be paid for work performed by the employees listed below, for FLSA violations that occurred from January 1, 2022, to October 19, 2023:

| NAME | BACK WAGES | LIQUIDATED DAMAGES | TOTAL DUE |
|---|---|---|---|
| Burch, Cindy | $399.11 | $399.11 | $798.22 |
| Burrell, Vanessa | $153.32 | $153.32 | $306.64 |
| Delaney, Abigail | $29.00 | $29.00 | $58.00 |
| Furgeson-Ponce, Amanda | $10,493.67 | $10,493.67 | $20,987.34 |
| Gifford, Christyn | $746.08 | $746.08 | $1,492.16 |
| Gonzalez, Patience | $3,693.12 | $3,693.12 | $7,386.24 |
| Green, Shannon | $1,047.63 | $1,047.63 | $2,095.26 |
| Hudson, Holland | $628.36 | $628.36 | $1,256.72 |
| Hughes, Halie M. | $5,088.25 | $5,088.25 | $10,176.50 |
| Hutchinson, Maggie | $3,020.53 | $3,020.53 | $6,041.06 |
| Kirkpatrick, Alyssa | $36,742.98 | $36,742.98 | $73,485.96 |
| Koontz, Julia | $375.12 | $375.12 | $750.24 |
| Michaelis, Kathy | $1,851.75 | $1,851.75 | $3,703.50 |
| Norris, Lauren | $418.54 | $418.54 | $837.08 |
| North, Katelyn | $217.50 | $217.50 | $435.00 |
| Nuzum, Abby | $12,776.04 | $12,776.04 | $25,552.08 |
| O'Donnell, Elizabeth | $429.49 | $429.49 | $858.98 |
| Porter, Tyra | $1,624.75 | $1,624.75 | $3,249.50 |
| Robar, Katie | $690.93 | $690.93 | $1,381.86 |
| Tincher, Elizabeth | $4,396.84 | $4,396.84 | $8,793.68 |
| Toplica, Suzan | $461.61 | $461.61 | $923.22 |
| Tuchman, Jamie | $1,256.72 | $1,256.72 | $2,513.44 |

| NAME | BACK WAGES | LIQUIDATED DAMAGES | TOTAL DUE |
|---|---|---|---|
| Valentine, Paige | $7,170.00 | $7,170.00 | $14,340.00 |
| Wills, Sydney | $2,100.11 | $2,100.11 | $4,200.22 |
| Wise, Patricia | $5,258.88 | $5,258.88 | $10,517.76 |
| **TOTAL:** | **$101,070.33** | **$101,070.33** | **$202,140.66** |

It is FURTHER ORDERED that within thirty (30) days of the date of this order, Guess & Co. shall pay by ACH transfer, credit card, debit card, or digital wallet at https://www.pay.gov/public/form/start/1972124 or by visiting www.pay.gov and searching "WHD Back Wage Payment – Midwest Region", the total net due to all such employees, along with each employee's last known address.  Upon receipt of this payment from Guess & Co., representatives of Plaintiff shall distribute such amounts, less appropriate deductions for federal income withholding taxes and the employee's share of F.I.C.A., to such employees or their legal representative as their interests may appear, in accordance with the provisions of section 216(c) of the FLSA.  Guess & Co. remains responsible for the employer's share of F.I.C.A.

It is FURTHER ORDERED that neither Guess & Co. nor anyone on its behalf shall directly or indirectly solicit or accept the return or refusal of any sums paid under this order.

It is FURTHER ORDERED that any monies not disbursed by Plaintiff after three years from the date of payment by Guess & Co., because of the inability to locate the proper persons or because of their refusal to accept payment, shall be deposited into the Treasury of the United States as miscellaneous receipts, pursuant to section 16(c) of the FLSA.

It is FURTHER ORDERED that this order does not waive Plaintiff's right to conduct future investigations of Defendants under the provisions of the FLSA and to take appropriate enforcement action, including assessment of civil money penalties pursuant to 29 U.S.C. § 216(e), with respect to any violations disclosed by such investigations.

17

It is FURTHER ORDERED that each party shall bear their own costs, fees and other expenses incurred by such party in connection with any stage of this proceeding, but not limited to, attorney fees which may be available under the Equal Access to Justice Act, as amended.

## PERMANENT INJUNCTION

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that, pursuant to 29 U.S.C. § 217 of the FLSA, Guess & Co., their officers, agents, servants, employees, successor companies, parties in interest, and all persons and entities acting at their direction or in concert or participation with them, are permanently enjoined and restrained from violating the FLSA, including through any of the following manners:

1. Guess & Co. shall not, contrary to §§ 206 and 215(a)(2), fail to pay any of its employees who in any workweek are engaged in commerce or the production of goods for commerce, or who are employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the FLSA, wages at rates not less than $7.25 per hour, or any rate subsequently made applicable by amendment to the FLSA;

2. Guess & Co. shall not, contrary to §§ 207 and 215(a)(2), employ any of its employees who in any workweek are engaged in commerce or in the production of goods for commerce, or who are employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the FLSA, for workweeks longer than 40 hours, unless said employees receive compensation for their employment in excess of 40 hours at a rate equivalent to one and one-half times the regular rate at which they are employed;

3. Guess & Co. shall not, contrary to §§ 211(c) and 215(a)(5), fail to make, keep and preserve adequate and accurate records of its employees, and of the wages, hours, and other

18

conditions and practices of employment maintained by it, as prescribed by the Regulations issued pursuant to 29 U.S.C. §§ 211(c) and 215(a)(5) and found at 29 C.F.R. Part 516, as from time to time amended.

The court will also enter the permanent injunction against Guess & Co. by separate order, which shall be entered contemporaneously with this order.

IT IS SO ORDERED.  Dated this 24th day of April, 2026.

＿＿s/ John W. Broomes＿＿＿＿＿＿＿＿＿＿＿
JOHN W. BROOMES
CHIEF UNITED STATES DISTRICT JUDGE